**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| **HARFORD MUTUAL INSURANCE COMPANY,**<br><br>*Plaintiff*,<br><br>v.<br><br>**STARSTONE NATIONAL INSURANCE COMPANY,**<br><br>*Defendant.* | **Civil No.: 1:24-cv-03019-JRR** |

## <u>ORDER</u>

Pending before the court are Plaintiff Harford Mutual Insurance Company's ("HMIC") Supplemental Memorandum at ECF No. 28 and Defendant StarStone National Insurance Company's ("StarStone") Supplemental Memorandum at ECF No. 29. The court construes these memoranda as supplemental motions for summary judgment ("HMIC's Motion" and "StarStone's Motion," respectively). Following the court's memorandum opinion and order denying the parties' cross motions for summary judgment and holding that the two Other Insurance clauses at issue were irreconcilable and repugnant to one another, the court directed the parties, on their request, to submit supplemental briefs on allocation of liability. (ECF No. 20, 22, 23.) The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons set forth in the accompanying memorandum opinion, it is this 30th day of June 2026:

**ORDERED** that HMIC's Motion (ECF No. 28) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that **JUDGMENT** is entered in favor of HMIC and against StarStone as set forth in the court's accompanying memorandum opinion and the memorandum opinion at ECF No. 20; and further it is

**ORDERED** and **DECLARED** that StarStone has a legal duty to share equally in the excess exposure of $6,491,826.72 previously paid by HMIC in connection with the fire and explosion at Friendly Gardens Apartment; that, within 30 days of entry of this order, StarStone shall reimburse HMIC with $3,245,913.36, representing one-half of the excess liability that HMIC has unilaterally covered to date; and from the date of this order forward, StarStone must share equally with HMIC any and all additional costs resulting from future settlements up to StarStone's policy limit; and further it is

**ORDERED** that StarStone's Motion (ECF No. 29) shall be, and is hereby, **DENIED**.

Madam Clerk shall **CLOSE** this case.

/s/

_____

Julie R. Rubin
United States District Judge

2